UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GEORGE CLOWERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00172-JPH-MG |
| | ) | |
| T. J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DENYING MOTION TO APPOINT COUNSEL,
AND DIRECTING PETITIONER TO SHOW CAUSE**

Petitioner George L. Clowers, an inmate in the United States Penitentiary in Terre Haute, Indiana, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Mr. Clowers is serving a sentence imposed by the District of Columbia Superior Court. He argues that his convictions in case number 2009-CF1-20729 and case number 2010-CF1-17516 violate double jeopardy principles.

**I.     Motion for Leave to Proceed *In Forma Pauperis* and Motion to Appoint Counsel**

Mr. Clowers's motion for leave to proceed *in forma pauperis*, dkt. [2], is **DENIED** as moot because he has paid the $5.00 filing fee for this action. The same filing includes a one-sentence request for appointment of counsel. Dkt. 2 ("I also request for an appointment of attorney because I am a layman of law with a low level edu[cation]." That request is also **DENIED**. Mr. Clowers makes no showing that the interests of justice require counsel's appointment. *See* 18 U.S.C. § 3006A(a)(2)(B).

1

## II.     Directing Petitioner to Show Cause

A collateral challenge to a District of Columbia offender's conviction or sentence must be brought pursuant to D.C. Code. § 23-110 and filed in the Superior Court of the District of Columbia. *Swain v. Pressley*, 430 U.S. 372, 375 (1977). Specifically, § 23-110(a) provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110 (2018). Under § 23-110(g), District of Columbia prisoners are precluded from bringing habeas claims in federal court unless the local remedy is "inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g) (2018); *see also Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23–110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23–110(a).").

"Section 23-110 is not inadequate or ineffective simply because the inmate is prevented from using the remedy multiple times to litigate or relitigate a claim or because the relief sought was denied." *Vaughn v. Maiorana*, No. 1:16-CV-00181, 2016 WL 1389985, at * 3 (M.D. P.A. Apr. 7, 2016) (citing cases). "The determination of whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas review." *Id.* "[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal *habeas* remedies." *David v. Bragg*, Civ.A.No. 90-2731, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991).

2

Mr. Clowers has not demonstrated that § 23-110 is inadequate or ineffective to challenge his sentence. His double jeopardy claim could have been brought at trial, on direct appeal, or by motion under D.C. Code § 23-110(a). He therefore has **through June 17, 2021**, to show cause why his petition should not be dismissed for lack of jurisdiction. Failure to meet this deadline will result in dismissal without further notice.

**SO ORDERED.**

Date: 5/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GEORGE CLOWERS
44705-007
TERRE HAUTE – USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808